UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 85-489-RGS

UNITED STATES OF AMERICA

v.

METROPOLITAN DISTRICT COMMISSION, et al.

CIVIL ACTION NO. 83-1614-RGS

CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC.

v.

METROPOLITAN DISTRICT COMMISSION

SCHEDULE SEVEN COMPLIANCE ORDER NUMBER 244

January 9, 2019

STEARNS, D.J.

On December 17, 2018, the Massachusetts Water Resources Authority (MWRA) filed its Biannual Compliance and Progress Report (the 244th such report over the course of this litigation). The United States and the Conservation Law Foundation have since not commented or elected not to file a response.

1. Schedule Seven

There were no scheduled activities during the past six-month period on the court's Schedule 7.

2. Progress Report

This will be perhaps the briefest of the Compliance Orders yet entered by the court. With capital construction now complete on the Long-Term Combined Sewer Overflow (CSO) Control Plan, the MWRA is beginning its three-year CSO performance assessment intended to measure and validate the success of this important and massive undertaking.[1] On November 30, 2018, the MWRA submitted the first of five semiannual CSO discharge performance reports to the United States Environmental Protection Agency (EPA) and the Massachusetts Department of Environmental Protection (DEP). Copies were distributed to the affected communities and other stakeholders and made available to the public on the MWRA's website. Given the infancy of the evaluation, the report analyzes only a brief window of data gathered between April 15, 2018, and June 30, 2018. As the MWRA notes, the court-ordered performance assessment of whether the "Typical

---

[1] As MWRA Executive Director Frederick Laskey notes in his forward to the performance report described below, the MWRA, since 1987, has successfully met the federal court's 183 CSO-related milestones.

Year" level of CSO control has been met will require a more robust and extended collection of data. Consequently, the court will reserve any comment on progress until receipt of the June 15, 2019 Compliance Report.

The court notes with appreciation the ongoing efforts being made by the MWRA to insure the accuracy and quality of its data collection. The court also appreciates being made aware of the differing positions of the MWRA, on the one hand, and EPA and DEP on the other, over the preferred methodology – specifically, whether the current assessment model should be reworked to distinguish the impacts of CSO and non-CSO sources on receiving waters. The MWRA expresses concern that the development and implementation of a receiving water quality model cannot be achieved by the December of 2020 court-ordered completion date. The MWRA indicates that it intends to continue discussions with EPA and DEP over the issue and is optimistic that a consensus can be achieved.[2] While the court has concerns over any delay in bringing closure to this now over thirty-year-old project, it understands the sincerity and integrity of the parties' current positions on the issue and believes it best, at least for the time being, to leave any compromise resolution to the parties' good-faith efforts.

---

[2] The MWRA also intends to seek the approval of EPA and DEP, pursuant to 40 C.F.R. § 131.14 and 314 Mass. Code Regs. 4.03(4), for the extension of existing variances through 2024 to provide regulatory certainty.

ORDER

Consistent with the court's revised Scheduling Order, the MWRA will submit Compliance Report No. 245 on or before June 15, 2019. The court will also welcome any interim report that the parties choose to submit on the progress of the discussions among the MWRA, EPA, and DEP over the water quality model to be deployed.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE