UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 85-489-RGS

UNITED STATES OF AMERICA

v.

METROPOLITAN DISTRICT COMMISSION, et al.


CIVIL ACTION NO. 83-1614-RGS

CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC.

v.

METROPOLITAN DISTRICT COMMISSION


<u>SCHEDULE SEVEN COMPLIANCE ORDER NUMBER 245</u>

July 26, 2019

STEARNS, D.J.

On June 14, 2019, the Massachusetts Water Resources Authority (MWRA) filed its Biannual Compliance and Progress Report (the 245th such report over the course of this litigation). The United States and the Conservation Law Foundation have not since filed comments.

1. <u>Schedule Seven</u>

There were no scheduled activities during the past six-month period on the court's Schedule 7.

2. <u>Progress Report</u>

On May 3, 2019, the MWRA submitted the second of five semiannual CSO reports to the United States Environmental Protection Agency (EPA) and the Massachusetts Department of Environmental Protection (DEP) on the progress of the performance assessment of the Long-Term Combined Sewer Overflow (CSO) Control Plan.  Copies were distributed to the affected communities and other stakeholders and made available to the public on the MWRA's website.  On May 31, 2019, the MWRA also hosted the first of what are intended to be annual public briefings on the performance assessment. From the court's perspective, the most important aspect of the Compliance Report was a further explanation of the motion filed by the parties on June 4, 2019, seeking to amend Schedule Seven by extending the final milestone date one year to December 31, 2021.  As reported to the court, the parties had reached an agreement in principle resolving the differences reported in the January Compliance Order over the design of the assessment model to be used in performance testing of the Control Plan.  In brief, these involved the

the ability of the model to differentiate between the contributions of CSO and non-CSO sources to the relevant receiving waters.

As subsequently reported by counsel for the MWRA, while the outline of a resolution of the dispute had been achieved through intensive good-faith negotiations, several remaining sticking points had forestalled the distillation of the proposed agreement into a binding writing. The court also indicated that it had several questions about the proposed amendment to Schedule Seven that were not fully answered by the memorandum submitted by the parties in support of the June 4, 2019 motion. The court granted the parties' motion to convene a hearing on the motion with the expectation that a final written agreement would be achieved during the interim. The hearing was scheduled for July 19, 2019. The day prior to the hearing the parties filed a Joint Report on an Agreement among the MWRA, EPA, and DEP, setting out in detail the agreed changes to the performance assessment model, as well as the specific steps that would be taken to implement them. At the hearing on July 19, 2019, MWRA Executive Director Frederick Laskey presented the executed Agreement. The court expressed its appreciation for the strenuous effort expended by the parties to achieve a positive resolution of an important issue. It is also stated that the Agreement had answered any remaining questions about the need for the amendment to Schedule 7.

Consequently, it allowed the motion to amend. Rather than attempting to summarize the 28-page Agreement with its Exhibits, the court will refer any interested member of the public to Dkt # 1869 of the filings in this case where a full copy of the Agreement can be found.[1]

ORDER

Consistent with the court's revised Scheduling Order, the MWRA will submit Compliance Report No. 246 on or before December 16, 2019. The court will reserve any comment on progress of the performance assessment until implementation of the Agreement is well under way and enough data is gathered for a meaningful preliminary evaluation.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

[1] The Agreement specifically focuses on CSO water quality impacts on the Lower Charles River/Charles River Basin and Alewife Brook/Upper Mystic River (referred to as the "variance water bodies"). The court understands that, as part of the Agreement, the MWRA will receive the approval of EPA and DEP, pursuant to 40 C.F.R. § 131.14 and 314 CMR 4.03(4), for the requested extension of relevant existing variances through 2024.