UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 85-489-RGS

UNITED STATES OF AMERICA

v.

METROPOLITAN DISTRICT COMMISSION, et al.


CIVIL ACTION NO. 83-1614-RGS

CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC.

v.

METROPOLITAN DISTRICT COMMISSION

SCHEDULE SEVEN COMPLIANCE ORDER NUMBER 250

February 18, 2022

STEARNS, D.J.

On December 30, 2021, the Massachusetts Water Resources Authority (MWRA) submitted its *Final Combined Sewer Overflow Post Construction Monitoring Program and Performance Assessment Report* (Final Report) in compliance with the last of the (current) Schedule Seven Compliance Milestones. The Report summarizes the impressive results achieved by implementation of the Long-Term Control Plan (LTCP), notably

the reduction of untreated Combined Sewage Overflow (CSO) discharges in a Typical Year by 87% (only one percentage point less that the overall goal envisioned by the LTCP). The Report also turned candidly to the areas identified for the court in early 2021 where results fell short. These were summarized in the court's July 23, 2021 Compliance Order 249 as follows:

> In its June 25 Report, the MWRA concludes that it can now make an informed assessment of those outfalls that it expects to be in full compliance with LTCP targets by the current December 31, 2021 deadline; those that can be brought into compliance by the date that the current variances expire (August 31, 2024); and those that, barring some unexpected technical breakthrough, will not meet the LTCP activation or volume goals, and for which the costs of achieving 100% compliance may not be justified by the resulting benefit.
>
> Within the first and largest category are the 70 outfalls that will be in full compliance with the LTCP by the December 31, 2021 performance assessment deadline. Of those, 35 of the 70 have been closed permanently. Five of the remaining outfalls are along the beaches in South Boston. . . .
>
> The second category consists of six outfalls that are currently out of compliance but that, with additional improvements, can be brought to the desired performance standard. The six in the order they appear in Table 1-5 of Semiannual CSO Report No. 6 are: (1) SOM007A/MWR205A on the Upper Mystic River; (2) MWR205 on the Mystic River; (3) BOS014 on Chelsea Creek; (4) CHE008 on Chelsea Creek; (5) BOS009 on the Upper Inner Harbor; and (6) BOS003 on the Lower Inner Harbor. *See* Dkt #1889-1 at 17-18. . . .
>
> The third category consists of the ten outfalls for which full compliance will not be achieved by the variance expiration date of August 31, 2024, or the proposed new Milestone date, December 21, 2024. These include outfall MWR201 at the

College Farm Facility, four outfalls on the Charles River, MWR 018, 019, 020, and CAM 005 (clustered on the Lower Charles), SOM001A at Alewife Brook, BOS017 in Charlestown at the Mystic/Chelsea Confluence, and three outfalls on the Fort Point Channel, BOS062, 065, and 070.

July 23, 2021 Compliance Order at 3-5 (footnotes omitted).

The court quotes at length from Compliance Order 249 as it accurately foreshadowed the Final Report. As requested, the MWRA submitted a Supplemental Status Report on September 30, 2021. On October 4, 2021, the court also received comments submitted on behalf of the Charles River Watershed Association and the Mystic River Watershed Association, the citizens groups representing the watershed areas most impacted by the underperforming outfalls.

On October 27, 2021, the court issued an interim Order indicating that it was open to the MWRA's anticipated request for a three-year extension of the LTCP "to complete the proposed improvements to the six outfalls identified as remediable, and to investigate further the ten outfalls that it suggests may not achieve full compliance without a disproportionate expenditure of resources." Dkt # 1896.[1] The court also indicated that it was

---

[1] Echoing an observation made earlier by the court, the MWRA cautions that "the Authority's efforts may be informed by whether further investments in CSO mitigation are justified when one balances the minimal water quality improvements that may result against the challenges and costs of further reductions." Mem. at 7 (Dkt # 1900).

3

favorably inclined to the MWRA's recommendation that future reports be scheduled on an annual as opposed to biannual basis. The court finally encouraged the parties to work with the Watershed Associations and the CSO-impacted communities in formulating the parties' recommendations for a path forward.

On February 4, 2022, after intensive good-faith discussions, the parties reached an agreement on a six-part framework governing any unfinished work. The framework consists of six interrelated components: (1) the submission of the Final Report; (2) a three-year extension of the LTCP to complete the investigation and, where feasible, improvements of the sixteen underperforming outfalls; (3) annual reporting to the court and the public; (4) periodic meetings of the stakeholders;[2] (5) the submission of a Supplemental Report in December of 2024 detailing the Typical Year performance of all 86 outfalls covered by the LTCP as compared to the 1992 system conditions, as well as the results of the work performed on the sixteen problem outfalls; and (6) proposed language for two milestone amendments of Schedule Seven. The parties also submitted an *Assented-To Motion of the*

---

[2] The MWRA is committed to holding quarterly meetings with the Massachusetts Department of Environmental Protection and the United States Environmental Protection Agency, and biannual meetings with the Conservation Law Foundation and the interested Watershed Associations. Mem. at 7.

4

*Massachusetts Water Resources Authority to Amend Schedule Seven* formally setting out for the court the Schedule Seven amending language recommended by the parties.[3] Based on its review of the submissions and its long experience with the CSO cleanup project, the court will adopt the parties' recommendations.

ORDER

The court will amend Schedule Seven as follows:

1. In April of 2022, April of 2023, and April of 2024, the MWRA will file an annual report that contains: (i) the Typical Year performance of all outfalls as compared to 1992 system conditions and the LTCP; (ii) a summary of measured overflows from MWRA treated and untreated CSO discharges; (iii) an analysis of the prior year's rainfall in comparison to the Typical Year; (iv) a comparison of MWRA meter and model data to community meter data for those outfalls where it exists; and (v) only as to the 16 outfalls (SOM007A/MWR205A; MWR205; BOS014; CHE008; BOS009; BOS003; MWR201; MWR018; MWR019; MWR020; CAM005; SOM001A; BOS017; BOS062; BOS065; and BOS070), a summary of any improvement work completed since the prior report, and an update on MWRA's investigative work and analysis.

2. In December of 2024, the MWRA will file a supplemental report that contains: (i) the final Typical Year performance of all 86 outfalls as compared to 1992 system conditions and the LTCP; and (ii) the MWRA's final results and conclusions as to

---

[3] In the memorandum accompany the motion, the MWRA reports that it is working toward completion of the necessary improvements on the six designated remediable outfalls and that, with respect to the remaining ten outfalls, it has identified feasible means of bringing at least four within the desired LTCP volume and activation goals.  Mem. at 7.

the 16 outfalls, which shall include an alternatives analysis describing what further actions could be taken, and costs associated with those actions, to further reduce or meet LTCP activation and volume goals for any of the 16 outfalls that have not met their respective LTCP goals. This supplemental report, coupled with the performance assessment report and water quality assessment report filed in December 2021, will provide information to EPA, MassDEP, and the Court to make the final determinations as to attainment of the levels of control in the LTCP and draw any final conclusions.

Consistent with the Amended Schedule Seven, the MWRA will submit Compliance Report No. 251 on or before December 31, 2022. The court reserves the right to order reports with respect to work being performed on specific outfalls in the interim.

SO ORDERED.

\_\_/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE