UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 85-489-RGS

UNITED STATES OF AMERICA

v.

METROPOLITAN DISTRICT COMMISSION, et al.

CIVIL ACTION NO. 83-1614-RGS

CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC.

v.

METROPOLITAN DISTRICT COMMISSION

AMENDED SCHEDULE SEVEN COMPLIANCE ORDER NUMBER 253[1]

June 10, 2024

STEARNS, D.J.

On April 30, 2024, the Massachusetts Water Resources Authority (MWRA) submitted the third of three Annual Reports scheduled by

---

[1] The May 31, 2014 Order has been amended at the helpful suggestion of MWRA counsel to state more precisely the progress expected regarding the problem outfalls identified in the Order at 2-3.

Compliance Order 250, this Report for the calendar year 2023.[2] The court has reviewed the Report carefully[3] and, like the United States, is impressed with the mounting success of this monumental remediation project. Progress is perhaps best encapsulated at the outset of the Report as follows: "As a result of the Authority's and the CSO [Combined Sewer Overflow] communities' significant efforts and expenditures in CSO control work, an estimated annual CSO discharge of 3.3 billion gallons to the harbor and rivers in the late 1980s has been reduced by 88% to 397 million gallons ("MG") in the Typical Year as of the end of 2023." MWRA Annual Report for Calendar Year 2023 (Dkt # 1910), at 2.

The balance of the April 30 Report continues the discussion that began in 2022 with the recognition that sixteen outfalls had as of that time failed to meet the LTCP goals. The current Report states that three of the problem outfalls have since achieved full compliance. Of the remaining thirteen, four (BOS017, BOS062, BOS065, and BOS009) are expected to be in full compliance, and one (BOS070/DBC) in substantial or full compliance by the

---

[2] On May 16, 2024, the United States on behalf of the Environmental Protection Agency (EPA) filed a Response to the Annual Report. The Conservation Law Foundation (CLF) has not submitted a Response to the Report.

[3] The Report is available for public inspection on the MWRA's official website.

end of 2024, while two more (MWR205 and DOM007A/MWR205A) are forecast to be in material compliance with LTCP goals by the end of 2025. The MWRA, however, frankly concedes that the remaining six challenging outfalls (with one possible exception, CAM005) present engineering and budgetary challenges that may in real-world terms prove insurmountable.[4]

In approving the parties' 2022 agreement to request a three-year extension of Schedule 7, the court provided that:

> In December of 2024, the MWRA will file a supplemental report that contains: (i) the final Typical Year performance of all 86 outfalls as compared to 1992 system conditions and the LTCP; and (ii) the MWRA's final results and conclusions as to the 16 outfalls, which shall include an alternatives analysis describing what further actions could be taken, and costs associated with those actions, to further reduce or meet LTCP activation and volume goals for any of the 16 outfalls that have not met their respective LTCP goals. This supplemental report, coupled with the performance assessment report and water quality assessment report filed in December 2021, will provide information to EPA, MassDEP, and the Court to make the final determinations as to attainment of the levels of control in the LTCP and draw any final conclusions.

Consistent with that provision, the court will reserve any comment on a final resolution of the longstanding decree in this case until it has the opportunity, with the assistance of the parties, to review the final Report to be filed at the end of this year. The court notes that the MWRA has made

---

[4] The five problem outfalls for which no further work is planned are SOM001A, MWR201, MWR018, MWR019, and MWR020.

substantial progress, as reflected in the current Report, in identifying the potential costs and benefits in achieving full compliance by all outfalls with the final milestone of the LTCP. As the court observed in its prior Order 252:

> Recognizing that the history of this now decades-long project has not been static nor has every insoluble problem encountered over its course remained unsolved, the court will reserve judgment on the problem outfalls until the final milestone is reached. I recognize, as the MWRA posits, that there may come a point of diminishing return at which spending an additional $100 for a $1 incremental benefit would make no sense from a public policy view.

Now, however, neither the time nor the record is ripe for the court to make valedictory statements or enter final judgments. These will come in due course.[5]

ORDER

The MWRA will file its Final Compliance Report at the end of 2024 in accordance with revised Schedule Seven.

SO ORDERED.

___/s/ Richard G. Stearns_____

---

[5] The court appreciates the constructive tone of the Response of the United States and the Environmental Protection Agency. The United States and EPA acknowledge the impressive progress made by the MWRA in meeting the mandate of the Clean Water Act (if "not there yet") and reminds us that the parties have over the years been able to collaboratively resolve any disagreements over implementing the required statutory and regulatory controls in a manner satisfactory to the court and the Stipulations of the parties.

UNITED STATES DISTRICT JUDGE